## No. 7827.

### THE STATE vs. MICHEL E. DOMINGUES.

An information for perjury will lie, when it appears that the false swearing was done in a suit which was within the jurisdiction of the court that tried it.

Justices of the peace have jurisdiction of suits by lessors to recover possession of their leased premises, at the termination of the leases thereof.

The rule of evidence that parol proof will not be admitted to explain, alter, or vary an authentic act is not applicable to the investigation of a charge of perjury, where the object was to prove what was said and done by the prisoner at a particular time, as a part of the *res gestæ*.

APPEAL from the Superior Criminal Court, parish of Orleans. *Whitaker, J.*

J. C. Egan, Attorney-General, for the State :

First—The testimony offered was admissible as part of the *res gestæ*, to show intent and knowledge. The objection made only applies to an investigation to affect title of real estate, and is inapplicable when the object is to prove criminal intent and knowledge.

Second—The proceedings before the justice of the peace seem to have been conducted under sec. 2155 of the Revised Statutes of 1870, and by the terms of this act " it is lawful for lessor to cause the tenant to be cited to appear before any justice of the peace having competent jurisdiction, in order to be then condemned to deliver him the possession of the leased premises." By section 2158, the lessor can make use of the law against any under lessor. The court therefore had jurisdiction.

Charles G. Ogden for defendant and appellee :

First—Over such a suit a justice of the peace has no jurisdiction, C. P. 1068, and therefore the demurrer should have been sustained. See Archbold's Criminal Practice, vol. 2, pages 951, 952, 955 (note 1) and 970 (note 1). Waterman's Crim. Digest, p. 500, sec. 43, p. 501, sec. 60, p. 502, secs. 63 and 66, and p. 509, sec. 144. Bouvier's Law Dictionary, vol. 2, page 531, No. 5.

Second—That parol evidence is inadmissible to explain, contradict, or vary an authentic act. Walker's Digest, p. 178, No. 148, and p. 179, Nos. 159 and 162.

Third—That the question of the payment of rent, *vel non*, was not material to the issue and there could be no perjury within the law in the testimony upon that point. Waterman's Criminal Digest, p. 496, sec. 1 ; Archbold's Criminal Practice, vol. 2, pp. 960 and 962, note.

---

The opinion of the court was delivered by

MANNING, C. J. The prisoner having been convicted of perjury and sentenced to five years' imprisonment at hard labour, appeals.

There was a demurrer to the information in this—" that the information, and the matter therein contained, in manner and form as the same are set forth, are not sufficient in law, the court wherein the alleged perjury is charged to have been committed being without jurisdiction *ratione materiæ* of the suit therein pending, and that the defendant is not bound by the law of the land to answer the same." It was overruled.

The suit was before the First Justice of the Peace of Orleans, and was instituted by the prisoner against Andrew Branagan and another. The citation required them " to answer the demand of the plaintiff against you for the possession of the premises on Fourth street," etc.

The suit before the justice seems to have been conducted under sec. 2155 Rev. Stats., where jurisdiction is conferred upon that court to hear and determine such questions, and the prisoner had selected that forum in which to lodge his complaint. The perjury was committed on the trial of that cause. The demurrer was properly overruled.

On the trial of the criminal charge, a witness for the State was asked, "what happened there," meaning at the notary's office when a deed for real property was executed. The prisoner's counsel objected to the question on the ground that parol evidence was inadmissible to explain, alter, or vary an authentic act. That rule has no applicability to the investigation of a criminal offence, wherein it is sought to prove what was said or done by the prisoner at a particular time as a part of the *res gestæ*, where, for example, the object was to shew his knowledge of certain facts, and thereby to prove his perjury when he swore to different facts. The court properly admitted the testimony.

Judgment affirmed.